UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARQUETTE JACKSON, *Pro Se*, | ) | Case No.: 1:17 CV 2496 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| NANCY DEMPSY, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendant | ) | AND ORDER |

*Pro Se* Plaintiff Marquette Jackson has filed an *in forma pauperis* complaint in this action against Defendant Officer Nancy Dempsy. (Doc. No. 1.) His brief, hand-written complaint does not contain allegations that are intelligible to the Court. Although it was docketed as a Notice of Removal, it appears to be a civil rights action for damages under 42 U.S.C. § 1983. The only legible and comprehensible allegation the Court is able to discern from the Plaintiff's pleading is that Defendant Dempsy denied a "state ID" for family member visitation. (Doc. No. 1 at 2.) The complaint does not allege any specific constitutional or other federal right he contends the Defendant violated.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). *Pro se*

litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001). Federal district courts are required, under 28 U.S.C. §1915(e)(2)(B), to dismiss before service any *in forma pauperis* action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). To state a claim on which relief may be granted, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)).

The Plaintiff's complaint fails to meet basic pleading requirements and does not contain allegations reasonably suggest he might have any plausible federal claim on which relief may be granted against Defendant Dempsy.

**Conclusion**

Accordingly, the Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

February 1, 2018